**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **DANIEL HERNANDEZ,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-06-CV-518-LY** |
| | § | |
| **NATHANIEL QUARTERMAN,** | § | |
| **Director, Texas Dept. of** | § | |
| **Criminal Justice-Correctional Institutions** | § | |
| **Division,** | § | |
| **Respondent.** | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

To:     The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2254 (Document 1); Petitioner's Memorandum in Support of Petition (Document 2); and Respondent's Answer (Document 12).  Petitioner, proceeding pro se, has paid the appropriate filing fee.  For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

## I.  STATEMENT OF THE CASE

**A.     Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 167th Judicial District Court of Travis County, Texas, in cause

number 983165, styled The State of Texas v. Daniel Hernandez. Petitioner was charged by indictment with the felony offense of robbery. Petitioner pleaded "not guilty" to the charge, and after hearing the evidence and arguments of counsel, the jury found Petitioner guilty of the offense of robbery. On April 22, 1999, the Court assessed punishment at 40 years in prison.

Petitioner's conviction was affirmed by the Third Court of Appeals in an unpublished opinion. Hernandez v. State, No. 03-99-00298-CR, 2000 WL 3737824 (Tex. App. – Austin 2000, pet. ref'd). The Texas Court of Criminal Appeals refused his petition for discretionary review on October 4, 2000. Hernandez v. State, PDR No. 1243-00.

On November 16, 2001, Petitioner filed an application for writ of mandamus with the Texas Court of Criminal Appeals. Ex parte Hernandez, Appl. No. 51,000-01. On July 31, 2002, the Court of Criminal Appeals denied the application without written order. Petitioner filed a second application for writ of mandamus on March 18, 2004, which was denied without written order on March 9, 2005. Ex parte Hernandez, Appl. No. 51,000-02.

On April 18, 2005, Petitioner filed an application for state writ of habeas corpus challenging his conviction for robbery. Ex parte Hernandez, No. 51,000-03 at 29, 31. The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing on March 1, 2006.

**B.    Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.    There was insufficient evidence to convict him of the offense as charged in the indictment;

2.    His trial counsel rendered ineffective assistance of counsel;

3.      The prosecutor committed misconduct by making improper arguments during voir dire and closing arguments;

4.      The prosecution withheld favorable and material evidence from the defense, which was used at trial including photographs, a videotape and a statement made by the complainant; and

5.      He received ineffective assistance of appellate counsel.

C.      **Exhaustion of State Court Remedies**

Respondent does not concede that Petitioner has exhausted his state court remedies regarding the claims brought in this application.  Rather Respondent argues Petitioner's application is time-barred and the unexhausted claims are procedurally defaulted.

## II.  DISCUSSION AND ANALYSIS

A.      **The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"].[1]  The AEDPA amended 28 U.S.C. § 2244 to provide a statute of limitations for applications for habeas corpus relief filed pursuant to 28 U.S.C. § 2254.  That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## B.   Application

Petitioner's conviction became final, at the latest, on January 2, 2001, at the conclusion of time during which he could have filed a petition for writ of certiorari with the United States Supreme Court.  See SUP. CT. R. 13.1 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."); Foreman v. Dretke, 383 F.3d 336, 340 (5th Cir. 2004) (Texas prisoner's conviction is final for purposes of federal habeas review 90 days after the Texas Court of Criminal Appeals denies petition for review and defendant declines to seek review in the United States Supreme Court).  Therefore, Petitioner's application, to be timely, would have had to have been filed on or before January 2, 2002.

Petitioner did not execute his federal application for habeas corpus relief until June 15, 2006, well after the expiration of the limitations period.  Petitioner's two state applications for writ of mandamus did not operate to toll the limitations period, as they are not "properly filed application[s] for State post-conviction or other collateral review" as contemplated by § 2244(d)(2).  Moore v. Cain, 298 F.3d 361, 366-67 (5th Cir. 2002).  Petitioner's properly filed state application for habeas corpus relief also did not toll the limitations period, as it was filed on April 18, 2005, after the limitations period had already expired.  Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (where

a state habeas application is not filed until after the limitations period has run, pursuant to § 2244(d)(2), filing does not toll the limitations period). Accordingly, Petitioner is not entitled to any statutory tolling.

Petitioner contends he is entitled to equitable tolling. Petitioner alleges he mailed a state writ application to the Travis County District Clerk on August 11, 2001. See Fed. Writ Pet., Memorandum at 2; Petitioner's Exhibit 6. On September 7, 2001, Petitioner indicates he mailed a letter to the District Clerk inquiring about his writ. Id. at 2; Petitioner's Exhibit 7. According to Petitioner, the District Clerk failed to respond. On October 4, 2001, Petitioner alleges he mailed two additional letters inquiring about the status of his writ. Id. at 2; Petitioner's Exhibits 8-9. He indicates he mailed one to the District Clerk and one to the Texas Attorney General. Again, the District Clerk allegedly did not respond. On October 15, 2001, Petitioner asserts he mailed two additional letters. Id. at 2; Petitioner's Exhibits 10-11. He indicates he mailed one to the District Clerk and one to the Court of Criminal Appeals. Petitioner states he received no response to the letters. On November 16, 2001, Petitioner alleges he filed an application for writ of mandamus with the Texas Court of Criminal Appeals, requesting the Court of Criminal Appeals to order the District Clerk to file his state writ application. Id. at 2; Petitioner's Exhibit 12. On December 19, 2001, the Court of Criminal Appeals ordered the District Clerk to respond regarding the status of Petitioner's state writ application. Id. at 2; Petitioner's Exhibits 13-14. When the District Clerk failed to respond, on February 13, 2002, the Court of Criminal Appeals sent a second letter ordering the District Clerk to explain why she had not complied with the court's previous order. Id. at 3; Petitioner's Exhibit 15. On March 21, 2002, the Court of Criminal Appeals sent a third letter, instructing the District Clerk to explain why she had not complied with the court's order. Id. at 3; Petitioner's

Exhibit 17.  On May 20, 2002, Petitioner notified the Texas Court of Criminal Appeals that the District Clerk still had not responded to the court's order.  Id. at 3; Petitioner's Exhibit 19.  On June 8, 2002, Petitioner asserts he mailed an instrument entitled, "Motion for Leave to File Motion to Amend Pending Application for Writ of Mandamus," with accompanying instrument entitled "Motion to Amend Pending Application for Writ of Mandamus," and attached a second duplicate copy of his original state habeas writ.  Id. at 4; Petitioner's Exhibit 20.  On June 8, 2002, the Travis County District Clerk's Office notified the Texas Court of Criminal Appeals that it had not received a writ application from Petitioner.  Ex parte Hernandez, Appl. No. 51,000-01 Supp. Recd. at 1.  On July 31, 2002, the Court of Criminal Appeals denied without written order Petitioner's application for a writ of mandamus.  Id. at cover.

Rather than refiling his state application for habeas corpus relief, Petitioner had his sister call the Travis County District Clerk's Office on numerous occasions to inquire about his lost writ application.  See Fed. Writ Pet. Memorandum at 4; Petitioner's Exhibit 2.  Petitioner waited until February 8, 2003, to re-mail his state writ application to the Travis County District Clerk.  Id. at 4-5; Petitioner's Exhibit 22.  Unfortunately, Petitioner experienced similar problems with the re-filing of this writ application.  On September 12, 2003, Petitioner wrote to the Texas Court of Criminal Appeals.  Id. at 5; Petitioner's Exhibit 23. On October 20, 2003, the Court of Criminal Appeals responded that Petitioner's motion for leave to file had been denied without written order on July 31, 2002, and that no further writ of habeas corpus had been filed in that court.  Id. at 5; Petitioner's Exhibit 24.

On February 1, 2004, Petitioner mailed a second application for writ of mandamus requesting the Court of Criminal Appeals to order the Travis County District Clerk to file his state writ

application.  Id. at 5; Petitioner's Exhibit 25. On May 12, 2004, the Court of Criminal Appeals instructed the District Clerk to respond to its letter inquiring about the status of the state writ application.  Id. at 5; Petitioner's Exhibit 27. On March 11, 2005, the Court of Criminal Appeals denied the second petition for writ of mandamus after the Travis County District Clerk informed it no writ had been filed.  Ex parte Hernandez, Appl. No. 51,000-01 at Supp. Recd.

On April 14, 2005, Petitioner re-mailed his state writ application to the Travis County District Clerk.  See Fed. Writ Pet. Memorandum at 6; Petitioner's Exhibit 30.  On April 19, 2005, the District Clerk sent a letter to Petitioner notifying him the application had been filed on April 18, 2005.  Id. at 6; Petitioner's Exhibit 31. The Texas Court of Criminal Appeals denied the state writ application on  March 1, 2006.  Ex parte Hernandez, Appl. No. 51,000-03 at cover.

Although the Fifth Circuit has permitted equitable tolling in certain cases, it requires a finding of "exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 119 S. Ct. 1474 (1999) (finding "exceptional circumstances" in a case in which the trial court considering the petitioner's application under Section 2254 granted the petitioner several extensions of time past the AEDPA statute of limitations).  The Fifth Circuit has consistently found no exceptional circumstances in other cases where petitioners faced non-routine logistical hurdles in submitting timely habeas applications. See Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (proceeding pro se is not a "rare and exceptional" circumstance because it is typical of those bringing a § 2254 claim); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999) (finding no exceptional circumstances where a petitioner did not learn of the AEDPA until 43 days after its passage and spent 17 days in an incapacitated psychiatric and medical condition inside the limitations period); Cantu-Tzin v. Johnson, 162 F.3d 295, 297 (5th Cir. 1998), cert. denied, 119 S. Ct. 847 (1999)

(finding no exceptional circumstances where a petitioner showed "disdain for and lack of cooperation with state access-to-counsel procedures and the AEDPA deadline"). As the Fifth Circuit has pointed out, "Congress knew AEDPA would affect incarcerated individuals with limited access to outside information, yet it failed to provide any tolling based on possible delays in notice." Fisher, 174 F.3d at 714. The Fifth Circuit explained that equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights," and noted that "excusable neglect" does not support equitable tolling. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (quoting Rashidi v. America President Lines, 96 F.3d 124, 128 (5th Cir. 1996)).

The Court finds that Petitioner is entitled to equitable tolling from the time he mailed his first state writ application to the Travis County District Clerk on August 11, 2001, until the Texas Court of Criminal Appeals denied his first application for writ of mandamus on July 31, 2002. The evidence Petitioner presents demonstrates he used due diligence in attempting to have his first state writ application filed. At the time the Texas Court of Criminal Appeals denied his first application for writ of mandamus only 144 days remained of the one-year limitations period. Rather than immediately re-mailing his state writ application to the Travis County District Clerk for filing, Petitioner had his sister call the clerk multiple times inquiring about the lost writ. Petitioner did not attempt to re-mail the state writ application until February 8, 2003, after the limitations period had expired. Therefore, any actions taken after the expiration of the limitations period could not have tolled the already expired limitations period.

## III.  RECOMMENDATION

It is recommended that Petitioner's application be dismissed as time-barred.

## IV.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 9th day of November, 2006.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE